## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

RICKIE GREEN
ADC #117055                                                                                                    PLAINTIFF

V.                                    NO: 2:07CV00003 JMM/HDY

GREG HARMON *et al.*                                                                                DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

1

Dockets.Justia.com

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, on January 8, 2007.

## I. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). When making this determination, the Court must accept the factual allegations in the

complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

According to Plaintiff's complaint, Defendants refuse to process his grievances, in violation of prison policy, which prevents him from fully exhausting his administrative remedies. As a result, Plaintiff contends, he is prevented from seeking relief in federal Courts.[1]

The Court initially observes that Plaintiff alleged in his complaint that he was able to exhaust his administrative remedies as to the claims raised in this lawsuit. If, in another case, Plaintiff has been prevented from exhausting his administrative remedies, and lack of exhaustion is raised as a defense, he can, at that point, assert the claims he makes here. As to the specific issues Plaintiff raises, the failure to follow prison policy is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Likewise, Defendants' failure to process his grievances is not actionable. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process grievance, without more, is not actionable under § 1983). Moreover, Plaintiff alleged no facts to indicate that he has been harmed or prejudiced by his inability to complete the grievance process. *See Lewis v. Casey*, 518 U.S. 343, 350-353 (1996) (to prevail on an access-to-courts claim, prisoner must show actual injury). Accordingly, Plaintiff has not stated

---

[1]The PLRA "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001)

a claim upon which relief may be granted, and his complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order dismissing this action is considered frivolous and not in good faith.

DATED this ___17___ day of January, 2007.

_____

UNITED STATES MAGISTRATE JUDGE